## KERR v. UNITED STATES.
### Civ. No. 9099.

United States District Court
W. D. Pennsylvania.

Oct. 1, 1951.

James M. Keller, Michael Hahalyak, Pittsburgh, Pa., for plaintiff.

Irwin A. Swiss, Asst. U. S. Atty., Pittsburgh, Pa., for defendant.

McVICAR, District Judge.

Charles B. Kerr entered the military service of the United States December 12, 1942. January 1, 1943 he applied for a policy of insurance from the National Service Life Insurance Company in the amount of $10,000 on his life. The plaintiff, his mother, is the beneficiary in said policy. He died November 10, 1946. The plaintiff made an application for the amount of the insurance of said policy, $10,000, which was refused by the Board of Veterans' Appeals February 24, 1950. She afterwards brought the action now before us. Defendant's defense was lapse of the policy by reason of failure to pay the premiums due thereon from March 31, 1946 to July 24, 1946. Plaintiff's answer thereto was that the insured was totally and continuously disabled during said time. Defendant at the trial moved for binding instructions in its favor, which motion was refused. The case is now before us on defendant's motion that judgment be entered in its favor for the reasons set forth in its request for a directed verdict in its favor, and if said motion is refused, that a new trial be granted. The principal reason assigned in favor of the new trial motion is that the verdict was against the evidence and also against the weight of the evidence. At the argument, defendant withdrew the motion for judgment in its favor and argued only the motion for new trial.

The facts were largely stipulated in this case and the parties stipulated the issues in writing, as follows: "The parties hereto agree that the sole issue of this case is whether, prior to the lapse of the insurance on March 31, 1946 and thereafter until his death on November 10, 1946, the insured was totally and continuously disabled. It is agreed that he was totally and continuously disabled from July 24, 1946 until his death on November 10, 1946."

The parties also agreed at the trial as to the definition of "total, continuous disability" which was to govern this case. That agreement reads as follows:

"Total and continuous disability is any impairment of mind or body which continuously renders it impossible for the insured to follow any substantially gainful occupation.

"The mere fact that one has done some work after the lapse of his policy is not of itself sufficient to defeat his claim of total, continuous disability. He may have worked when really unable and at the risk of endangering his health or life. Total disability does not mean helplessness or complete disability, but it includes more than that which is partial. The insured need not be bedridden to be totally and continuously disabled."

The plaintiff at the trial offered the evidence of five lay witnesses to the effect that insured did not do any work from the time he returned from the Service November 4, 1945 until the date of his death

November 10, 1946, other than work of a trifling nature in and about the house; that he was sick and that he was not able to work; also, the evidence of a physician in which he expressed his opinion that insured was totally and continuously disabled prior to March 31, 1946 and until his death from leukemia November 10, 1946.

Defendant offered evidence consisting of hospital records made after he entered the hospital July 23, 1946; also that he had been a student at an art institute from June 17, 1946 and up to about the time he entered the hospital July 23, 1946; also that he had received unemployment compensation benefits.

The Court is of the opinion that there was substantial credible evidence that the insured was totally and continuously disabled prior to March 31, 1946 and continuing until July 24, 1946 when it is admitted that he was totally and continuously disabled. The finding of the Jury was necessarily based on the credibility of the witnesses and inferences to be drawn from the evidence offered on both sides.

The Court is of the opinion that the reasons assigned for a new trial, that the verdict was against the evidence and against the weight of the evidence cannot be sustained and the motion, therefore, should be refused.